**Danny James SPENCER,
Petitioner–Appellant,**

v.

**Frank ELO, Warden, Gus Harrison
Correction Facility, Respondent–
Appellee.**

No. 02–1840.

United States Court of Appeals,
Sixth Circuit.

Aug. 5, 2003.

Before: KEITH, COLE, and COOK, Circuit Judges.

### ORDER

Danny James Spencer appeals pro se from a district court judgment that dismissed his habeas corpus petition filed under 28 U.S.C. § 2254. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1993, Spencer was convicted of first-degree murder, a violation of Mich. Comp. Laws § 750.316. He was sentenced to life imprisonment, and that sentence was affirmed on direct appeal. *Michigan v. Spencer*, No. 209647, 1999 WL 33445207 (Mich.Ct.App. May 7, 1999).

In 2002, Spencer filed a timely habeas corpus petition under § 2254 in which he raised seven claims for relief. The district court denied the petition on June 10, 2002, as these claims were all lacking in substantive merit or subject to an unexcused procedural default. It is from this judgment that Spencer now appeals, moving for the appointment of counsel on appeal.

■ The district court issued a certificate of appealability ("COA") regarding Spencer's claims that there was insufficient evidence to support his conviction and that the prosecutor impermissibly shifted the burden of proof to the defense. Our court later refused to issue a COA with regard to any of his other claims. Thus, appellate review is limited to the two claims that were certified by the district court. *See* 28 U.S.C. § 2253(c); *Seymour v. Walker*, 224 F.3d 542, 561 (6th Cir.2000).

We review this case *de novo*, while examining the district court's factual findings for clear error. *See Seymour*, 224 F.3d at 549. Spencer is entitled to relief only if the state court's rejection of his claims was based on an unreasonable determination of the facts or if it was contrary to or an unreasonable application of clearly established precedent from the United States Supreme Court. *See* 28 U.S.C. § 2254(d); *Seymour*, 224 F.3d at 549. A federal court may not issue a writ of habeas corpus if the state court's decision was objectively reasonable, even if it believes that the state court applied the law incorrectly. *Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir.2000).

■ Spencer argues that the evidence was insufficient to show that he committed the murder and that the evidence could have incriminated several other individuals. In reviewing this claim, the courts view the evidence in a light most favorable to the prosecution and determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in the original).

The Michigan Court of Appeals reasoned as follows in rejecting Spencer's claim:

Defendant next argues that the trial court erred in denying his motions for directed verdict ... because insufficient evidence existed to convict him. We disagree. When ruling on a motion for a directed verdict, the trial court must consider the evidence presented ... in the light most favorable to the prosecution and determine whether a rational trier of fact could find the essential elements of the charged crime were proved beyond a reasonable doubt....

[N]umerous witnesses testified that defendant was looking for the victim, was upset with her, and indicated that he

was going to kill her when he found her.... Further, because an electrical cord and electrical tape had been used to strangle the victim, testimony was elicited from witnesses that defendant had various wires, electrical cords, and electrical tape in his car.... Ms. Barrons also testified that defendant told her to lie to the police and that shortly after the victim's death, defendant sent her a letter while she was in jail telling her to "keep quiet."

Several witnesses also testified that defendant had scratches on his face during the time frame in which the victim disappeared and was found murdered. Other evidence revealed that defendant gave conflicting statements to the police regarding whether he had electrical cords in his car.... Shortly after the victim's body was found, defendant also stated: "I told you I was going to kill the Bitch." The victim's body was also found in the vicinity of where defendant had previously smoked crack cocaine.

Although defendant asserts that someone else killed the victim ..., the weight of this testimony and the credibility of the witnesses presenting such testimony are left to the trier of fact....

*Spencer*, 1999 WL 33445207, at *1–*2 (quotation marks and citations omitted).

█ The district court properly dismissed Spencer's claims regarding the sufficiency of the evidence because the state court's analysis was not premised on an unreasonable interpretation of the facts or an unreasonable application of controlling Supreme Court precedent. *See* 28 U.S.C. § 2254(d); *Wright v. West*, 505 U.S. 277, 296–97, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992). Spencer now argues that the evidence was circumstantial and that it did not eliminate other potential suspects. However, the prosecution is not required to "rule out every hypothesis except that

of guilt beyond a reasonable doubt." *Wright*, 505 U.S. at 296 (quoting *Jackson*, 443 U.S. at 326).

█ Spencer also alleged that the prosecutor impermissibly shifted the burden of proof to the defense during his closing argument because he mentioned the failure of the defense to call certain witnesses at trial. To prevail, Spencer must show that the prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). The state court of appeals reasoned as follows in rejecting Spencer's claim:

After evaluating the prosecutor's remarks in context and in light of defense arguments, we conclude that the prosecutor did not shift the burden of proof. During closing argument, defense counsel made statements that the prosecution had failed to present witnesses who should be testifying and corroborating the events in question.... The complained-of remarks made by the prosecutor were clearly in response to previous remarks made by defense counsel. Furthermore, the prosecutor specifically told the jury that defendant had no obligation to present a defense and no obligation to testify. More importantly, during final jury instructions, the trial judge properly instructed the jury that the prosecutor must prove the elements of the crime charged and ... that the lawyers' statements and argument were not evidence.

*Spencer*, 1999 WL 33445207, at *4. Once again, the dismissal of Spencer's prosecutorial misconduct claim was appropriate because the state court's analysis was not premised on an unreasonable interpretation of the facts or an unreasonable application of controlling Supreme Court prece-

dent. *See* 28 U.S.C. § 2254(d); *Donnelly,* 416 U.S. at 643–45.

Accordingly, Spencer's motion for counsel is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.